UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

INLAND DIAMOND PRODUCTS CO.,

        Plaintiff,

    v.                                                    Case No. 20-C-352

CHERRY OPTICAL INC.,

        Defendant.

___

## DECISION AND ORDER DENYING PLAINTIFF'S
## MOTION TO COMPEL AND FOR SANCTIONS

___

      Plaintiff Inland Diamond Products Co. brought this patent infringement action against Defendant Cherry Optical Inc. on March 3, 2020. The patents at issue involve a method for forming a beveled lens for use with eyeglasses. Compl. ¶¶ 8–13, Dkt. No. 1. As discovery in this case progressed, Plaintiff took issue with Defendant's failure to produce invoices that it felt were relevant to the issue of damages. The dispute resulted in an informal telephone conference before the Court on April 5, 2021, but no resolution was reached. *See* Dkt. No. 25. Plaintiff subsequently filed a motion to compel discovery responses and for sanctions on April 20, 2021. Dkt. No. 28. Shortly thereafter, the Court granted Defendant's motion to stay the case because Plaintiff's attorney, Mark Jotanovic, changed law firms and needed time to determine whether he would continue as counsel of record for Plaintiff. Mr. Jotanovic remained Plaintiff's counsel and, after reviewing the supplemental production by Defendant, the Court concluded that the issues raised in the motion to compel had not been resolved and set a new briefing schedule. The motion is now fully briefed and ready for resolution. For the following reasons, Plaintiff's motion to compel and for sanctions is denied.

## BACKGROUND

This discovery dispute revolves around invoices related to Defendant's sales of allegedly infringing products. In Plaintiff's first set of document requests, dated July 16, 2020, Plaintiff sought "documents and things sufficient to show" the sales, gross profits, and volumes of the allegedly infringing products, as well as the volumes of eyeglass lenses Defendant sold. Dkt. No. 29-4 at 10–12. Defendant's untimely response consisted of objections to the requests as well as a "product report" that contained a "report of all sales of VEE bevel lens and frames by [Defendant] from January 1, 2014 to September 5, 2020." Dkt. No. 24 at ¶ 2. Defendant produced the product report in the form of a spreadsheet and included data from approximately 555,501 product sales. *Id.* Approximately 87,000 of those entries lacked information regarding the frame manufacturer, however, so Plaintiff sought the invoices that corresponded to those incomplete entries.

Although it appears Defendant initially agreed to produce the invoices, *see* Dkt. No. 29-13 at 3, Defendant never produced them. After the parties made multiple attempts to resolve the dispute on their own, Plaintiff requested a telephone conference with the Court. The Court held a telephone conference on April 5, 2021. Although the dispute was not settled at the hearing, the Court noted that the alleged infringing products were not limited to the examples provided in the complaint and that "any products sold or manufactured by the defendant that would infringe those patents are open to discovery." Dkt. No. 25 at 32. While the Court recognized that Defendant objected to the request as overly burdensome, it observed that Plaintiff is entitled to the information it needs in order to calculate damages and that relevant sales information would have to be produced. *Id.* at 33.

After the parties were unable to resolve the dispute, Plaintiff filed the instant motion. Defendant produced a random sample of the 87,000 entries, consisting of 1,500 invoices, on

2

August 16, 2021.  *See* Dkt. No. 48-2 at 8.  Plaintiff asserts that this production of documents is insufficient, and it continues to seek the relief requested in its motion to compel.

## ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel and provides that, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).  Under Rule 26, parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  The information sought "need not be admissible in evidence to be discoverable." *Id.*

As an initial matter, Plaintiff asserts that Defendant has waived its objections to the discovery requests because Defendant's responses were untimely.  Courts have generally permitted a "finding of waiver where objections are not timely made and the objector cannot show good cause for the delay." *Alloc, Inc. v. Unilin Decor N.V.*, Nos. 02-C-1266, 03-C-342, 04-C-121, 2006 WL 2583431, at *1 (E.D. Wis. Sept. 5, 2006).  Defendant asserts that it has good cause for its delay because, in the midst of the litigation, Defendant's counsel was out of the office for an extended period of time attending to family matters and experienced technical difficulties accessing and reformatting the large amount of data Defendant sent to him.  *See* Dkt. No. 48 at ¶¶ 14, 22–23.  The Court finds that Defendant has made a showing of good cause and has therefore not waived its objections.  The Court now turns to the merits of the motion.

Plaintiff maintains that 87,000 entries in the product report spreadsheet are missing manufacturer names and seeks an order compelling Defendant to produce the invoices associated with those entries.  It contends that, by having direct access to the invoices, it can make determinations regarding infringement and, ultimately, damages that it would not otherwise be

3

able to make using only the information contained in the spreadsheet. Plaintiff maintains that, by using the additional information on the invoices, such as frame color and sizing, it can identify the frame manufacturer and determine whether the frame, in combination with the Hide-A-Bevel lens, infringes one of the patents at issue.

Defendant asserts that the product report spreadsheet and invoices it has produced are sufficiently responsive to Plaintiff's requests. It explains that the product report spreadsheet was produced from all of the information in its possession; if the frame manufacturer is missing from the product report spreadsheet, then it is also missing from the invoice. Defendant contends that Plaintiff can reasonably calculate damages using the product report spreadsheet because each Hide-A-Bevel lens sale shows a $2.00 charge that is standard across all Hide-A-Bevel lens sales. In other words, Defendant argues that providing the additional invoices would be needlessly cumulative because any information that is on the invoice would be contained in the product report spreadsheet. Plaintiff maintains that some of the invoices produced contained additional frame information that was not contained in the product report spreadsheet, including frame color and sizing as well as itemized pricing for each sale. It asserts that it can use this information to identify the frame manufacturer and other infringing products and to establish a reasonable royalty rate.

Even if the invoices contain additional information, Defendant argues that producing the invoices would be unduly burdensome and costly. It claims that, to produce an invoice, "a person needs to enter the individual invoice number into the [lab management software], locate the invoice, and print each individual invoice." Dkt. No. 47 at 8. It would also need to redact the individual's name to protect personal health information. *Id.* Based on the time it took Defendant to produce the sample of 1,500 invoices, Defendant calculates that it would take 290 hours to

process the 87,000 invoices and, at an associate attorney's hourly rate of $260.00, it would cost Defendant approximately $75,400.00. *Id.* at 11.

While the invoices sought may be relevant to establishing damages, this discovery is subject to the proportionality provisions of Federal Rule of Civil Procedure 26(b)(2)(C). Considering the limited purpose for which the information contained in the invoices may be relevant, and in light of the fact that the issues of validity and noninfringement have not yet been determined, the requests are unduly burdensome. I cannot say, based on this record, that Plaintiff has met its burden to show that the benefit of the discovery at this stage outweighs the burden of production. Plaintiff may reraise the issue after the resolution of dispositive motions.

## CONCLUSION

For these reasons, Plaintiff's motion to compel discovery responses and for sanctions (Dkt. No. 28) is **DENIED**. The parties' motions to restrict (Dkt. Nos. 49 & 52) are **GRANTED**. Exhibit D of the Declaration of Jason R. Just (Dkt. No. 48-4) and Exhibit A of the Declaration of Mark A. Jotanovic (Dkt. No. 53-1) will remain restricted.

**SO ORDERED** at Green Bay, Wisconsin this 14th day of June, 2022.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge