UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

INLAND DIAMOND PRODUCTS CO.,

   Plaintiff,

  v.            Case No. 20-C-352

CHERRY OPTICAL INC.,

   Defendant.

---

## DECISION AND ORDER DENYING MOTION FOR ATTORNEY FEES

---

  Plaintiff Inland Diamond Products Co. filed this patent infringement action, accusing Defendant Cherry Optical Inc. of infringing its patents, U.S. Patent No. 8,636,360 ('360 Patent) and U.S. Patent No. 9,405,130 ('130 Patent). The patents involve a method for forming a beveled lens for use with eyeglasses. On September 28, 2023, the court granted Defendant's motion for summary judgment, finding that the patents are invalid as obvious. This matter comes before the court on Defendant's motion for attorney fees pursuant to 35 U.S.C. § 285. For the following reasons, Defendant's motion will be denied.

  The Patent Act fee-shifting provision provides that the district court may award reasonable attorney fees to the prevailing party in "exceptional" cases. *See* 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Exceptional cases are, by definition, "uncommon," "rare," or "not extraordinary." *Id.* "District courts may determine whether a case is 'exceptional' in a

case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* In assessing the totality of the circumstances, courts consider "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). The movant must prove exceptionality by a preponderance of the evidence. *Id.* at 557.

Defendant argues that this is an exceptional case that warrants an award of attorney fees. It maintains that Plaintiff's case was "substantially weak" as to invalidity and infringement. In this case, the court found that the doctrine of issue preclusion applied to the Patent Trial and Appeal Board's (PTAB) conclusion in separate inter partes review (IPR) proceedings that claims 1 and 3 of the '360 and '130 Patents are invalid. As a result, the court held that Defendant was not required to perform an independent invalidity analysis for claims 1 and 3 as part of its invalidity arguments regarding claims 2, 4, and 6 of the '360 Patent and claim 4 of the '130 Patent. Defendant asserts that Plaintiff failed to mount any substantive defense to Defendant's invalidity argument and that Plaintiff's position on issue preclusion was unreasonable.

Plaintiff's arguments against issue preclusion and invalidity were not so frivolous to render this case exceptional. "A party's position on issues of law ultimately need not be correct for them to not 'stand out,' or be found reasonable." *SFA Sys., LLC v. Newegg, Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015); *see also Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prod., Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015) ("[F]ees are not awarded solely because one party's position did not prevail."). Indeed, the case turned on a complex and evolving area of law. The fact that Plaintiff is appealing the court's decision suggests that it continues to maintain the strength of its position. Accordingly, the court does not conclude that Plaintiff's positions on summary judgment were

frivolous or objectively unreasonable to render the case exceptional. *See Reckitt Benckiser LLC v. Aurobindo Pharma Ltd.*, No. CV 14-1203, 2017 WL 4613643, at *2 (D. Del. Oct. 16, 2017), *aff'd* 737 F. App'x 537 (Fed. Cir. 2018) ("That the nature of the narrow dispute presented by the parties turned out to be amenable to summary judgment does not inevitably correlate to an exceptionally weak substantive position or an unreasonable manner of litigation."); *Vocaltag Ltd. v. B.V.*, No. 13-CV-612, 2016 WL 5395878, at *1 (W.D. Wis. Sept. 27, 2016) ("[A] litigation position that seems obviously wrong after a decision on the merits might have seemed reasonable when judged without the benefit of hindsight.").

Defendant also contends that the case is exceptional with respect to the manner in which Plaintiff litigated the case. It argues that Plaintiff's failure to conduct a reasonable infringement analysis or pre-suit investigation warrants a finding of exceptionality. But "there is a presumption that an assertion of infringement of a duly granted patent is made in good faith." *Medtronic Navigation, Inc. v. BrainLAB Medizinische Compersysteme GmbH*, 603 F.3d 943, 954 (Fed. Cir. 2010). That presumption may only be overcome by "clear and convincing evidence." *Id.* Because Plaintiff possessed a duly granted patent, the court presumes that it filed this infringement action in good faith.

Defendant cites several other examples of Plaintiff's litigation tactics, including Plaintiff's expert witness's issuance of a report without investigation and that Plaintiff's failure to identify the accused products resulted in irrelevant and overly burdensome discovery and unnecessary briefing on summary judgment. The court is not persuaded that this conduct renders the case exceptional. Rather than identify a specific accused product, Plaintiff identified a combination of a certain bevel lens and a number of eyeglass frame manufactures that infringed the patents, which Plaintiff asserted constituted a representative sample of accused products. Thus, any products sold

or manufactured by Defendant that would infringe those patents were open to discovery. As for the issues regarding Plaintiff's expert witness's report, Defendant points to no authority stating that such a dispute renders the case exceptional. In short, the court declines to find that Plaintiff engaged in litigation misconduct.

This was a hard-fought patent case, and both parties presented their respective positions in good faith. Having considered the totality of the circumstances, the court concludes that this case is not exceptional to warrant an award of attorney fees under § 285. Accordingly, Defendant's motion for attorney fees (Dkt. No. 140) is **DENIED**. Defendant's motion to restrict (Dkt. No. 141) is **GRANTED**.

**SO ORDERED** at Green Bay, Wisconsin this 6th day of February, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge